# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GROVER SELLERS
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-6551

Re: Maximum compensation of a constable of Navarro County who is compensated on a fee basis and other questions.

Your letter of April 11, 1945, requesting the opinion of this department on the questions stated therein, is in part as follows:

"We would like a ruling on the following questions.

"We have a constable that is on a fee basis and in his annual report and settlement he claims that he is entitled to $2,100.00 annual fees. I am of the opinion that he is only entitled to $1,800.00 annual fees based on Article 3883.

"This is his reason for claiming the $2,100.00. Back in 1935 the constable earned $2,100.00 and same was allowed for the reason that Navarro County had more than 60,000 inhabitants based on the 1930 census. He says that his fees would remain the same. The situation now is that the population of Navarro County is a little over 50,000 based on the 1940 census. I am taking the attitude that when the census dropped below 60,000 population that he dropped into the lower bracket and is now entitled to $1,800.00 per year.

"Please advise which bracket this constable now comes under.

"In this constable's annual report he sets up as an expense item money paid for information in VOPL cases. Should that be an authorized expense item?

"Would it be legal for our County Clerk, District Clerk and Tax Assessor and Collector to have their permanent records paid for out of our Permanent Improvement Fund? They are taking the attitude that they are a permanent part of Navarro County and would be legal if same were paid for out of the Permanent Improvement money. Can this be done?"

Navarro County had a population of 60,507 inhabitants according to the 1930 Federal Census. Said County had a population of 51,308 inhabitants according to the 1940 Federal Census.

Article 3883, Vernon's Annotated Civil Statutes is, in part, as follows:

"Except as otherwise provided in this act the annual fee that may be retained by precinct, county, and district officers mentioned in this Article shall be as follows: . . . 3. In counties containing as many as Thirty-Seven Thousand Five Hundred One (37,501) and not more than Sixty Thousand (60,000) inhabitants, or containing a city of over Twenty-Five Thousand (25,000) inhabitants, . . . Justice of the peace and constable, Eighteen Hundred ($1800.00) Dollars each."

Article 3891, Vernon's Annotated Civil Statutes is, in part, as follows:

"Each officer named in this chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistant deputies, and authorized expenses under Article 3899, and the amount necessary to cover cost of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

". . . In counties containing as many as Thirty-Seven Thousand Five Hundred One (37,501) and not more than Sixty Thousand (60,000), or containing a city of over Twenty-Five Thousand (25,000) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883 amounts to Forty-Two Hundred Fifty ($4250.00) Dollars. Precinct officers shall retain one-third until such

one-third, together with the amount specified in Article
3883, amounts to Twenty-Two Hundred Dollars ($2200.00)."

The foregoing provisions of Article 3883 and 3891, Vernon's
Annotated Civil Statutes, are the provisions applicable to the
constable who is compensated on a fee basis in Navarro County as
said County has a population of 51,308 inhabitants according to
the 1940 Federal Census. Those provisions of the foregoing stat-
utes which are applicable to counties containing 60,001 and not
more than 100,000 inhabitants are no longer applicable to Navarro
County. The maximum compensation of the constable inquired about
cannot exceed Twenty-Two Hundred Dollars ($2200.00) per annum.
In determining the maximum compensation of the constable, the
applicable statutes heretofore quoted must be complied with.

We cannot categorically answer your second question,
as we do not have sufficient facts upon which to base an opinion.
If you still desire our opinion regarding this question, please
state in detail the nature of cases involved and the information
secured. Upon the receipt of this information, we will be glad
to give this question our further consideration.

We now consider your third question. Section 9 of
Article 8 of the Texas Constitution prescribes the maximum rate
of taxes for general purposes, for roads and bridges, for juries,
and for the erection of public buildings, streets, severs, water
works and other permanent improvements. The immediate purpose of
said provision of the Constitution is to limit the amount of taxes
that might be raised for the several purposes; but it is also
designated to inhibit excessive expenditures for any such purpose,
and to require that any and all moneys raised for taxation shall
be applied to that particular purpose and no other. (Ault v. Hale
County, 116 S. W. 359)

The case of Carroll v. Williams, 202 S. W. 504, holds,
among other things, that the Constitution contemplates that, as
a matter of common honesty and fair dealing, tax money taken from
the people ostensibly for one purpose shall be expended for that
purpose alone, as well as the tax rate, for that particular class,
shall not exceed the prescribed maximum.

The case of Henderson County v. Burke, 262 S. W. 94,
holds, among other things, that the statute requires that any
and all money raised by taxation for any such purpose shall be
applied, faithfully to that particular purpose, as needed there-
for, and not to any other purpose or use whatsoever. (Article
2352, Vernon's Annotated Civil Statutes)

We call your attention to the following language in Section 9 of Article 8 of the Constitution, to wit: "For the erection of public buildings, streets, sewers, waterworks and other permanent improvements".

Under the familiar rule of construction known as "ejusdem generis", record books or permanent records of the county clerk, district clerk and tax assessor-collector could not be reasonably construed to be an "other permanent improvement."

In opinion No. 0-1974, copy of which is enclosed for your convenience, this department held that record books for the office of the county clerk of Hays County could not be paid for out of the Permanent Improvement Fund.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the permanent records for the county clerk, district clerk and tax assessor-collector cannot be paid for out of the Permanent Improvement Fund of the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APR 1945

ATTORNEY GENERAL OF TEXAS

AW/JCP
Enclosure 1



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN